UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT RIVERA,

                                              Plaintiff,

       vs.                                                                    9:11-CV-532
                                                                                           (MAD/ATB)

MAX PATNODE, *et al*,

                                             Defendants.
_____

ROBERT RIVERA, Plaintiff *pro se*
JAMES B. MCGOWAN, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Presently before this court is plaintiff's motion for adjudication of facts[1] and defendants' converted motion for summary judgment. (Dkt. Nos. 14, 15). On July 28, 2011, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 15). On January 17, 2012, the court converted defendants' then-pending motion to dismiss (Dkt. No. 15) to one for summary judgment (Dkt. No. 26) because both plaintiff and defendant submitted materials outside the scope of a motion to dismiss (*See* Dkt. No. 26). As required by Fed. R. Civ. P. 56, the parties were given the opportunity to file any additional material pertinent to consideration of summary judgment. *Id.* On January 25, 2012, the court conducted a telephone conference to

---

[1] Plaintiff's motion for adjudication of facts essentially asks the court to consider a memorandum to defendant Patnode. Because the court converted defendants' motion to dismiss to one for summary judgment, the court will consider all plaintiff's submissions when analyzing defendants' converted motion for summary judgment. Thus, plaintiff's motion, to the extent that it asks the court to consider all the evidence, is denied as moot.

address outstanding issues, including plaintiff's motion to compel discovery that had been filed prematurely.[2] (Dkt. No. 30).

During the teleconference, defendants' withdrew, without prejudice, every argument in their motion except the defense of collateral estoppel. After the teleconference, the court entered an order instructing the parties as to their respective responsibilities pertaining the newly-converted motion. (Dkt. No. 35). Plaintiff filed a motion for appointment of counsel and motion to stay defendants' motion for summary judgment on February 8, 2012, both of which were denied on February 13, 2012. (Dkt. Nos. 36, 37, 38).

Defendants filed their supplemental response on February 13, 2012, in which they stated were relying on their previous submissions. (Dkt. No. 39). Plaintiff filed his supplemental response on February 23, 2012. (Dkt. No. 40). For the following reasons, this court will recommend granting defendants' motion for summary judgment and dismissing this case in its entirety.

I. **Facts and Contentions**

Plaintiff alleges that on August 13, 2009, he was involved in an inmate altercation at Auburn Correctional Facility. (Compl. ¶ 9–10). After a disciplinary hearing, plaintiff received 90 days in the Special Housing Unit (SHU). (Compl. ¶ 9).

---

[2] Plaintiff's motion to compel was premature because it was filed before the responses to his interrogatories were due. The court held the teleconference to address whether plaintiff reasonably required any of the requested discovery to supplement his response to defendants' converted motion for summary judgment. *See* Fed. R. Civ. P. 56(d). Based on the defendants' narrowing of the issues they would pursue on summary judgment, the court determined that plaintiff did not require any of the requested discovery to contest the substantive motion. (*See* Dkt. No. 35).

Plaintiff began serving his disciplinary sentence in Auburn, but was later transferred to Clinton, where he served the remainder of his SHU time. (Compl. ¶ 11).

On October 8, 2009, while incarcerated in Clinton, plaintiff completed an Authorized Advance Request form, seeking funds so that he could serve a New York State of Claims complaint[3] on the New York State Attorney General by Certified Mail, Return Receipt Requested, as required by New York law. (Compl. ¶¶ 19–23; Pl.'s Ex. E). Plaintiff alleges that at the time, he had over one thousand dollars in "filing fees, photocopying fees, advance legal postage fees, and other fees combined" outstanding against his inmate account, and he therefore had no funds with which he could pay for his claim to be mailed via certified mail, return receipt requested. (Compl. ¶¶ 36–37). If an inmate lacks sufficient funds to pay for postage necessary to send legal mail, DOCS Directive 4421 provides for an inmate to submit an Authorized Advance Request form to request an advance of funds. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 721.3(a)(3)(iv–vii). Pursuant to this directive, any requests for "special handling," such as certified mail, will not be approved "unless required by a statute, court rule or court order." N.Y. Comp. Codes R. & Regs. tit. 7, § 721.3(a)(3)(v). In addition, "the inmate must provide justification for such an advance." N.Y. Comp. Codes R. & Regs. tit. 7, § 721.3(a)(3)(vi). Plaintiff alleges that the mail was returned to him numerous times, despite his attempts to provide appropriate documentation to

---

[3] Plaintiff's Court of Claims action was based on the injuries he sustained during the altercation at Auburn Correctional Facility.

defendants.[4]  (Compl. ¶¶ 19–39).

Plaintiff alleges that the complaint was eventually filed with the Court of Claims, but as a result of the defendants' failure to advance the funds necessary to mail the claim via certified mail, return receipt requested, it was never properly served upon the Attorney General.  (Compl. ¶ 35).  On March 31, 2010, the Court of Claims denied plaintiff's motion for a "protective order,"[5] holding that it lacked the power to grant plaintiff's request.  (Pl.'s Ex. Q).  In its decision, the Court of Claims stated that it was "disturbed" by plaintiff's allegations, but declined to determine the validity of the defendants' refusal to advance the funds necessary to serve plaintiff's complaint by certified mail, return receipt requested.  *Id.*

The Attorney General subsequently moved to dismiss plaintiff's complaint for failure to properly serve the Attorney General, and on December 14, 2010, the Court of Claims granted the Attorney General's motion to dismiss for insufficient service.  (Pl.'s Ex. R).  Plaintiff conceded that the Attorney General was not served by certified mail, return receipt requested.  *Id.*  The Court of Claims held that the Court of Claims Act § 11(a), mandating service by certified mail, return receipt requested was jurisdictional and must be "strictly construed."  *Id.*  The Court of Claims held that plaintiff had "failed to submit adequate proof, such as a copy of the return receipt of his mailing disbursement request form, to demonstrate his alleged attempt to serve the

---

[4] For a more detailed history of plaintiff's attempts to obtain advance funds to mail his Court of Claims action, see this court's order at docket number 35.

[5] Plaintiff sought an order preventing the facility from refusing to process his request to serve his complaint by certified mail, return receipt requested.  (Pl.'s Ex. Q).

claim by certified mail, return receipt requested," and it thus could not hold that defendants' actions were inappropriate. *Id.* The Court of Claims concluded that plaintiff had "failed to meet the literal requirements of Court of Claims Act § 11, and the claim must, therefore, be dismissed." *Id.*

Plaintiff alleges that by improperly denying his request for funds, his constitutional rights to the "free flow of mail"[6] and access to courts have been violated.

### III. Summary Judgment-Legal Standards

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir.1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the

---

[6] Plaintiff's "free flow of mail" allegation is only related to his access to courts claim, as the only actions included in his complaint are those related to the failure to advance funds necessary to serve the Attorney General via certified mail, return receipt requested.

moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272. "[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (citing, *inter alia*, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (a court is to read a *pro se* party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest")). "However, a *pro se* party's "bald assertion," completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991)).

**IV.   Access to the Courts**

The First and Fourteenth Amendments to the U.S. Constitution are implicated when a prisoner's mail is interfered with; but in order to establish an access-to-courts claim, a plaintiff must allege that the defendants' actions hindered the prisoner's "efforts to pursue a legal claim." *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.

2003) (citing *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d. Cir. 1997)). Plaintiff must show an "actual injury." *See Lewis v. Casey*, 518 U.S. 343 (1996).

Prior to the Supreme Court's decision in *Lewis*, the Second Circuit had held that "an isolated instance" of interference with an inmate's legal mail delivery was insufficient to state a First Amendment claim, either with respect to the mail itself or with respect to access to courts, where "the infraction was not in accordance with official policy or practice and where no showing had been made that the inmate's right to access to courts was chilled . . . ." *Washington v. James*, 782 F.2d 1134, 1139 (2d. Cir. 1986) (citation omitted). *Lewis* also requires that the actual harm must be to direct or collateral attacks on the inmate's conviction, or to a challenge to the conditions of confinement. 518 U.S. at 355. "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" *Davis v. Goord*, 320 F.3d at 352 (citing *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)). Conclusory allegations are insufficient to establish an actual injury. *Guarneri v. Wood*, No. 08-CV-792, 2011 WL 4592209, at *11, 2011 U.S. Dist LEXIS 117129, at *32 (N.D.N.Y. September 2, 2011) (citing *Lewis*, 518 U.S. at 351 (giving examples of actual injury including inability to assert or continue a claim); *Arce v. Walker*, 58 F. Supp. 2d 39, 43 (W.D.N.Y. 1999) ("[A] claim that prison practices kept a prisoner from raising an argument or asserting a claim in his pleadings, in response to a dispositive motion, or at trial would likely suffice to show harm," but claims that the prison practice prevented the inmate from "ma[king] a more compelling or sophisticated argument

would not.").

Plaintiff alleges that defendants Crowley and Cayea "knowingly and intelligently" interfered with plaintiff's legal mail by refusing to advance funds necessary to send his claim via certified mail, return receipt requested, which prevented him from properly serving the Attorney General, and thus precipitated the dismissal of his Court of Claims action for insufficient service. The dismissal of plaintiff's Court of Claims action, assuming that it was a meritorious claim,[7] would qualify as an "actual injury." However, plaintiff must still show that the defendants improperly interfered with his legal mail, and *that* interference caused the dismissal. If defendants properly denied plaintiff's request for advance funds, their actions did not hinder plaintiff's access to the courts, and his federal claim must fail.

## V.   Collateral Estoppel

New York law determines whether collateral estoppel applies to the Court of Claims decision. *See In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 869 n.2 (2d Cir. 1995). Under New York Law, collateral estoppel only bars relitigation of an issue if the identical issue was "necessarily decided" in a prior action, is decisive of the present action, and the party to be precluded from relitigating the issue had a "full and fair opportunity to litigate the issue in the prior action. *In re Hyman*, 502 F.3d at 65. Collateral estoppel is a "flexible doctrine" under New York law, and its application in a particular case

---

[7] This court need not reach the issue of whether plaintiff's Court of Claims action was meritorious, as plaintiff is barred by collateral estoppel from establishing another essential element of his access to courts claim, as discussed below.

"depends on 'general notions of fairness involving a practical inquiry into the realities of the litigation.'" *In re Hyman*, 502 F.3d at 66 (quoting *Jeffreys v. Griffin*, 1 N.Y. 3d 34, 41 (2003).

Defendants argue that plaintiff is barred by collateral estoppel from relitigating the propriety of defendants' actions, because this issue was conclusively determined against plaintiff in the Court of Claims when the court held that defendants' refusal to advance the necessary money was not inappropriate. Defendants argue plaintiff had ample opportunity in the Court of Claims to litigate whether or not their behavior was inappropriate, and thus this court should find that plaintiff is foreclosed from relitigating the same issue.

In its decision regarding plaintiff's motion for a "protective order," the Court of Claims held that it lacked jurisdiction to grant plaintiff's request to order defendants to properly mail plaintiff's claim via certified mail, return receipt requested. (Pl.'s Ex. Q at 2). The Court of Claims then stated that the question of whether defendants' refusal to serve plaintiff's claim via certified mail, return receipt requested was appropriate "may be ripe at some later point in time when either a motion to dismiss based upon the manner of service is made by Defendant, or a motion for permission to file a late claim is made by [plaintiff]." (Pl.'s Ex. Q at 3).

Both parties attempted to follow the Court of Claims' directive. The Court of Claims noted in its December 14, 2010 Decision and Order that plaintiff filed an "Application for Extention [sic] of time to file Claim," on May 11, 2010, and defendants filed a motion to dismiss based on improper service on May 24, 2010.

9

(Pl.'s Ex. R at 2). Defendants' motion to dismiss filed in the Court of Claims responded to plaintiff's application to file a late claim, explaining that plaintiff had failed to comply with the Court of Claims Act section 10(6). (Pl.'s Ex. C at 7). Defendants argued that plaintiff's application to file a late claim should be denied and also argued that plaintiff's claim should be denied because of his failure to properly serve the claim on the Attorney General. (Pl.'s Ex. C at 6–7). Defendants also pointed out that plaintiff, after being moved from Clinton to Great Meadow Correctional Facility, made no effort to serve the claim by certified mail, but instead chose to send a letter and copy of the claim to the Attorney General under another inmate's name. (Pl.'s Ex. C at 7, *see also* Pl.'s Ex. C at 56).

The Court of Claims explained that the "time in which a Claimant can serve his claim is set by statute and is not subject to alteration," and it could not, therefore, grant plaintiff's request for an extension of time to serve the Attorney General.[8] (Pl.'s Ex. R at 2). The Court of Claims considered plaintiff's application for permission to file a late claim as opposition to defendants' motion to dismiss. (Pl.'s Ex. R at 2).

The Court of Claims held that plaintiff had failed to establish that defendants had acted improperly, because plaintiff had "failed to submit adequate proof, such as a copy of the return receipt or his mailing disbursement request form, to demonstrate his

---

[8] The Court of Claims Act specifies that both a claim and a notice of intention must be served on the Attorney General via certified mail, return receipt requested. N.Y. Ct. Cl. Act § 11. The Court of Claims Act also directs that claims based on negligence must be served on the Attorney General within ninety days of the accrual of the claim. N.Y. Ct. Cl. Act § 10(3). Failing that, the Court of Claims Act allows for a claimant to file a late claim pursuant to Section 10(6), which incorporates the time limits of Section 2 of the Civil Practice Law and Rules, which in this case would be three years. N.Y. Ct. Cl. Act § 10(6), N.Y. C.P.L.R. § 214.

alleged attempt to serve the claim by certified mail, return receipt requested." (Pl.'s Ex. R at 3). The Court of Claims considered the affidavit of defendant Crowley, Senior Mail and Supply Clerk at Clinton, which stated that plaintiff repeatedly failed to fill out the proper paperwork, and that was the reason his request to have his claim mailed via Certified Mail, Return Receipt Requested, was denied. (Pl.'s Ex. R at 3; *see also* Pl.'s Ex. S). The Court of Claims held that plaintiff's failure to submit evidence, such as the return receipt of his mailing or his mailing disbursement request form, was fatal to plaintiff's allegations of inappropriate conduct by the defendants, and the Court of Claims therefore refused to estop defendants from asserting a defense of improper service. (Pl.'s Ex. R at 4).

Plaintiff explains in his supplemental response that he "more than showed to the Court of Claims his numerous efforts to serve the claim upon the Attorney General via certified mail, return receipt in his sworn affidavit . . ." (Pl.'s Supp. Resp. at 5). Plaintiff further argues that he "was not under any legal obligation to produce actual copies of the envelope, the advance form and the disbursement form used to make his numerous attempts to serve his claim upon the Attorney General." (Pl.'s Supp. Resp. at 5).

Plaintiff correctly states that he did not have a "full and fair" opportunity to litigate whether defendants' conduct violated his Constitutional right of access to the courts and free flow of mail, because those were not the issues before the Court of Claims. (*See* Pl.'s Supp. Resp. at 5). The Court of Claims, when it decided defendants' motion to dismiss, was determining whether defendants could be estopped

11

from asserting the defense of improper service. (Pl.'s Ex. R at 3). Plaintiff filed everything he chose to submit, and the Court of Claims held that his submissions were insufficient to estop defendants from objecting to plaintiff's improper service. (Pl.'s Ex. R). By holding that defendants were not estopped from objecting to plaintiff's improper service of the claim on the Attorney General, the Court of Claims determined the issue of whether defendants' refusal to advance the funds was appropriate.

It is clear that plaintiff had a full and fair opportunity to litigate the issue of defendants' actions in regard to mailing his claim by certified mail. Plaintiff could have submitted additional evidence, even if, as he asserts, he was under no legal obligation to do so. Plaintiff could have appealed the decision. *See* N.Y. Ct. Cl. Act § 24. Plaintiff could have chosen to file an application to file a late claim in compliance with the Court of Claims Act. *See* N.Y. Ct. Cl. Act § 10(6). Plaintiff chose instead to file a constitutional claim here.

The Court of Claims found that plaintiff "failed to demonstrate that defendant[s] acted improperly with regard to the timely processing of [plaintiff's] mail," and therefore refused to prevent defendants from asserting the defense of improper service. (Pl.'s Ex. R at 4). This issue is pivotal in determining whether defendants violated plaintiff's access to the courts. Because the Court of Claims held that defendants' actions were proper, plaintiff is now collaterally estopped from asserting here that defendants' actions were improper and caused the "actual injury," critical to a claim of denial of access to courts. Therefore, plaintiff cannot establish that

defendants violated his constitutional right of access to the courts and this complaint should be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for adjudication of facts (Dkt. No. 14) be **DENIED AS MOOT**, and it is further

**RECOMMENDED**, that defendants' converted motion for summary judgment (Dkt. No. 15) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 2, 2012

*/s/ Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge