**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT RIVERA,**

                              **Plaintiff,**

              **v.**                                         **9:11-CV-0532**
                                                             **(MAD/ATB)**

**MAX PATNODE, et. al,**

                              **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

ROBERT RIVERA
01-A-3316
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953
*Plaintiff Pro Se*

HON. ERIC T. SCHNEIDERMAN                    Charles J. Quackenbush, Esq.
Attorney General for the State of New York
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**MAE A. D'AGOSTINO, U. S. DISTRICT JUDGE**

**<u>MEMORANDUM-DECISION AND ORDER</u>**

**I.        INTRODUCTION**

        In this *pro se* action under 42 U.S.C. § 1983, plaintiff, an inmate in the custody of the

New York State Department of Correctional and Community Supervision ("DOCCS"), claims

that defendants improperly denied his request for funds and therefore violated his constitutional

rights to the "free flow of mail" and his access to the courts.  Defendants filed a motion to dismiss

plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The motion was referred to United

States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3( c ).  Magistrate Judge Baxter converted defendants' motion to a motion for summary judgment because both the parties submitted materials outside the scope of a motion to dismiss.  The parties were given notice and an opportunity to present additional submissions to the Court.  On March 2, 2012, Magistrate Judge Baxter issued a Report-Recommendation (Dkt. No. 41) recommending that defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 be granted.[1]

Plaintiff filed specific objections to the Report-Recommendation. (Dkt. No. 49).  In view of the objections and pursuant to 28 U.S.C. § 636(b)(1), this Court conducts a *de novo* review of these issues.  The Court reviews the remaining portions of the Report-Recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y.) *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff objects to portions of Magistrate Judge Baxter's "Facts and Contentions".  However, upon a review of the record, the Court adopts Magistrate Judge Baxter's recitation of the facts.   Plaintiff objects to the Report-Recommendation arguing that he was unable to provide the Court with proof to oppose the summary judgment motion because the Department of Corrections does not allow indigent inmates to photocopy (Directive #4483).  Plaintiff also claims that defendants failed to provide him with his requested discovery.  Plaintiff further contends that collateral estoppel does not apply to his claims because the Court of Claims lacked jurisdiction to decide constitutional claims and further, because plaintiff was not provided with a full and fair

---

[1]  The Clerk is directed to append Judge Baxter's Report-Recommendation to this decision, and familiarity is presumed. (Dkt. No. 41).

opportunity to litigate the matter.  Specifically, plaintiff claims that the only intervention he

sought from the Court of Claims was a Protective Order and an extension of time to serve his

claim on the Attorney General.  (Dkt. No. 42).

## II.     BACKGROUND AND RELEVANT FACTS

On October 15, 2009, plaintiff filed a claim in the Court of Claims against the State of

New York alleging that defendant was negligent in failing to prevent an assault upon plaintiff by

another inmate.[2]   Prior to service of the claim upon defendant, on November 5, 2009, plaintiff

filed a Notice of Motion, in the Court of Claims, seeking a Protective Order.  On March 31, 2010,

the Court issued a Decision and Order in the case of *Rivera v. State of New York* (Claim No.

1175333, M-77414), denying plaintiff's motion.[3]   However, the Court held:

> While the relief requested by Claimant, an order preventing the State
> from refusing to process the service of his claim by certified mail,
> return receipt requested, is not within my power to grant and must be
> denied, I am disturbed by Claimant's allegations.  Neither party has
> provided the Court with sufficient information to determine whether
> or not Defendant's multiple refusals to process Claimant's requests
> were appropriate.
>
> Accordingly, while I am constrained to deny Claimant's motion, the
> parties should note that I have not determined that Defendant's refusal
> to serve the claim certified mail, return receipt requests as requested
> was appropriate.  That question may be ripe at some later point in time
> when either a motion to dismiss based upon the manner of service is
> made by Defendant, or a motion for permission to file a late claim is
> made by Claimant.

---

[2] The actual claim is not part of the record herein.

[3] The Decision and Order was annexed to plaintiff's complaint as Exhibit "Q". (Dkt. No. 1).

3

On December 14, 2010, the Court of Claims issued another Decision and Order resolving plaintiff's motion for an extension of time to file his claim and defendant's motion for dismissal of the claim.[4]

> Claimant has failed to submit adequate proof, such as a copy of the return receipt or his mailing disbursement form, to demonstrate his alleged attempts to serve the claim by certified mail, return receipt requested.
>
> Further, in response to Claimant's assertions, Defendant has submitted the affidavit of Karen Crowley, Senior Mail and Supply Clerk at Clinton Correctional Facility. Her affidavit explains how Claimant's failure to properly fill out the necessary paperwork required that his requests for service by certified mail, return receipt requested be refused. Accordingly, I find that Claimant has failed to demonstrate that Defendant acted improperly with regard to the timely processing of Claimant's mail, and that it would be inappropriate to estop Defendant from asserting a defense relating to the service of the claim.

Accordingly, the Court dismissed plaintiff's claim in its entirety. On May 11, 2011, plaintiff filed the within action and alleged that defendants violated his First and Fourteenth Amendment rights, "to the free flow of mail and access to the courts", because defendants, "knowingly and intelligently interfered with Mr. Rivera's outgoing legal mail without any reasonable penological justification by repeatedly denying properly submitted requests to serve a Claim upon the Attorney General . . . resulting in the dismissal of a properly filed State Civil action for lack of jurisdiction which can only be established when a claim is served upon the Attorney General by certified mail, return receipt".

Defendants moved for summary judgment, and after a telephone conference with the Court, limited their argument for summary judgment to the issue of collateral estoppel. Specifically, defendants argued that based upon the Court of Claims holding that plaintiff failed

---

[4] The Decision and Order was annexed to plaintiff's complaint as Exhibit "R". (Dkt. No. 1).

to demonstrate that defendants acted improperly with respect to the timely processing of his mail, plaintiff cannot demonstrate, as a matter of law, that defendants acted maliciously.  Defendants further argued that because plaintiff cannot establish this fact, plaintiff's § 1983 claim for interference with legal mail and denial of access to the courts is fatally flawed.

III.   DISCUSSION

A.   Discovery and Evidence in Opposition to Motion

Plaintiff argues that he was prevented from providing the Court with evidence to oppose defendants' motion.  Plaintiff claims that indigent inmates are not permitted to make photocopies of anything that can be duplicated by hand without a Court order and asks the Court to take judicial notice of DOCS Directive 4483.  DOCS Directive 4483 titled "Law Libraries & Inmate Legal Assistance and Notary Public Services" provides for, *inter alia*, the parameters for photocopying services:

> Photocopying. The facility shall provide reasonable photocopying service to inmates requesting copies of their legal papers and/or Law Library materials, subject to copyright regulations. The Law Library Supervisor or other staff assigned to facilitate the legal photocopying service shall review all materials submitted to ensure that they are legal in nature. All photocopying requests must be accompanied by a disbursement form (IAS 2706). All disbursement forms for legal photocopying must be forwarded to the Business Office no later than the end of the shift when received. Absent extenuating circumstances, the inmate must receive his or her photocopies within five business days of receipt of the disbursement from (IAS 2706) in the Business Office. Two-day commissary holds, where applicable, might increase the delivery deadline to seven days. Fees shall be assessed equal to the facility's cost of reproduction excluding costs for staff time.

> An inmate lacking sufficient funds may not receive photocopying services unless the Law Library Supervisor, in consultation with the Law Library Administrator or Counsel's Office, approves an encumbrance for same. Encumbrances will only be authorized for photocopies of specific documents that are required by the courts that cannot be replicated longhand.

*Muhammad v. Hodge*, 2010 WL 1186330, at *1-2  (W.D.N.Y. 2010).  Courts in the Second Circuit have found that Directive No. 4483 is constitutional. *Id.*

Plaintiff alleges that due to this Directive and his lack of funds, he could not submit evidence challenging defendants' motions in the Court of Claims or in this Court.  The Court is unpersuaded by plaintiff's conclusory assertions.  The Directive clearly provides an alternative for indigent inmates.  Plaintiff has not submitted any evidence demonstrating that he attempted to comply with this Directive.  Plaintiff has not provided copies of disbursement forms requesting copies of his legal papers.  Indeed, plaintiff has failed to provide any evidence establishing that he attempted, and was prevented from, photocopying the disbursement forms or advance forms for mailing his claim or any other documentation that would have supported his claims herein.  There is no evidence that plaintiff consulted with the Law Library Administrator or staff in an attempt to have any documentation photocopied.  Accordingly, the Court finds plaintiff's objection, in this regard, to lack merit.

With respect to plaintiff's claim that defendants failed to provide him with adequate discovery, Magistrate Judge Baxter previously addressed this issue in an Order dated January 27, 2012:

> During the conference, defense counsel moved to withdraw so much of their pending dispositive motion as sought relief on the basis of lack of personal involvement and qualified immunity, without prejudice should the complaint survive. With those issues withdrawn, the sole remaining issue to be resolved in connection with the dispositive motion would be whether the action should be dismissed by operation of collateral estoppel. After the court explained the defendants' proposal to plaintiff, plaintiff stated that he had no objection. The defendants formalized the withdrawal of the personal involvement and qualified immunity issues in their pending substantive motion by letter dated January 26, 2012.
>
> The court found, and the plaintiff conceded during the conference, that none of his interrogatories propounded on the defendants requested

> information that was pertinent to the remaining issues, relating to
> collateral estoppel, to be determined on summary judgment.
> Accordingly, plaintiff's motion to compel responses to these
> interrogatories is denied, without prejudice to renewal should
> plaintiff's complaint survive the pending summary judgment motion,
> as narrowed by the defendants.

*See*, Dkt. No. 35.

Consequently, the Court finds that plaintiff's arguments regarding insufficient discovery

lack merit.

**B.    Collateral Estoppel**

"[C]ollateral estoppel prevents a party from relitigating an issue decided against that party

in a prior adjudication. It may be invoked to preclude a party from raising an issue (1) identical to

an issue already decided (2) in a previous proceeding in which that party had a full and fair

opportunity to litigate." *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (citation and

internal quotation marks omitted). Collateral estoppel bars the relitigation of the same set of

facts, regardless of the particular causes of action raised. *See Wright v. Coughlin*,, 1987 WL

19633, at *2 (S.D.N.Y. 1987). "When determining whether issue preclusion applies, '[w]hat is

controlling is the identity of the issue which has necessarily been decided in the prior action or

proceeding . . .' not the way the cause of action is framed, the nature of the relief sought, or the

availability of the relief in the prior forum." *D'Andrea v. Hulton*, 81 F.Supp.2d 440, 443

(W.D.N.Y. 1999) (rejecting the plaintiff's contention that issue preclusion did not apply because

the federal claims raised in this action could not have been raised in the Court of Claims) (citing

*Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984)).

The first element, identity of issue, "requires a showing that the issue to be decided in the

second action is material to the first action or proceeding and essential to the decision rendered

therein, and that it is the point actually to be determined in the second action or proceeding such

that 'a different judgment in the second would destroy or impair rights or interests established by the first' ". *Id.* (citing *Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 307 (1929)). With respect to the second element, there is no simple test for determining whether a party has had a "full and fair opportunity" to litigate the claim or issue sought to be precluded. *See Conte v. Justice*, 996 F.2d 1398, 1400 (2d Cir.1993). To determine whether plaintiff was provided a full and fair opportunity to litigate, the Court must consider: "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation." *Johnson v. McClure,* 2009 WL 2356147, at *7 (N.D.N.Y. 2009) (citations omitted). "[T]he basic concern is one of fairness." *Cruz v. Root*, 932 F.Supp. 66, 68 (W.D.N.Y.1996). The party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir.1995).

Plaintiff's argument that the Court of Claims did not have jurisdiction to resolve constitutional issues has been rejected by the Second Circuit:

> Although the Court of Claims never considered the action as a civil rights issue, nor as one against the individual officers, the Court of Claims did conclusively resolve the same set of facts on which both claims exist. Whether or not the claim is characterized as negligence or as a violation of civil rights, the issues are the same—did the officers assault [the plaintiff] and may [the plaintiff] recover for the alleged property loss? These issues were decided by the Court of Claims and are dispositive of the action before us today. The Court of Claims determined that the evidence was insufficient to prove that an assault had occurred and that no award could be made for property loss.

8

*Wright*, 1987 WL 19633, at *2; *see also Gittens v. Kehn*, 1992 WL 170672, at *3 (S.D.N.Y.

1992) ("[t]he Court of Claims' lack of jurisdiction does not prevent application of collateral

estoppel where the issue determined was necessary to the claim within its jurisdiction, namely the

tort of wrongful confinement).

      Having reviewed the Court of Claims decisions and plaintiff's allegations, the Court finds

that the issues herein are identical and previously decided by the Court of Claims.  The Court of

Claims specifically determined that plaintiff failed to demonstrate that defendants acted

improperly in processing plaintiff's mail.  The issue of whether defendants interfered with

plaintiff's legal mail and his access to the courts is the crux of plaintiff's constitutional claims in

this federal civil rights action.  The Court of Claim's findings clearly and definitively resolved the

issue and, "a different judgment in this case would destroy or impair rights or interests already

established on behalf of the defendants in the prior action".  *See D'Andrea*, 81 F.Supp.2d at 446.

Given that plaintiff has already litigated and failed to demonstrate that defendant improperly

processed plaintiff's mail, and the Court of Claims resolved it, collateral estoppel bars plaintiff

from raising that issue again in this case.  *See Wattleton v. Lappin*, 794 F.Supp.2d 269, 272

(D.Mass. 2011) (in a prior action, the court dismissed the plaintiff's claim for denial of right of

access to the courts because he failed to allege actual injury after finding that the plaintiff failed to

establish that the defendants failed to provide him with the option of having his mail forwarded).

      Plaintiff presents a conclusory argument claiming that he did not have a full and fair

opportunity to litigate the issues in the Court of Claims.  Plaintiff has the burden of proof on this

issue and based upon the record, the Court concludes that plaintiff was given a fair opportunity to

be heard.  The Court of Claims found that plaintiff's motion for a protective order was "unusual",

and while "constrained to deny [the] motion," the Court found plaintiff's allegations "disturbing"

and held that defendant did not sufficiently explain why plaintiff's claim was not processed. Plaintiff was given the opportunity to file a second motion in the Court of Claims and present evidence regarding defendants' alleged refusals to process plaintiff's requests.  The Court entertained plaintiff's subsequent motion for an extension of time and thoroughly discussed the arguments and evidence submitted by both parties.  Due to plaintiff's lack of evidentiary support, the Court denied plaintiff's motion and dismissed the claim.  Based upon the record, even though plaintiff proceeded *pro se*, plaintiff was afforded a full and fair opportunity to litigate the relevant issues. *Ennis v. Davies*, 1990 WL 121527, at *2 (S.D.N.Y. 1990) ("[t]he mere fact that the plaintiff proceeded *pro se* [before the Court of Claims] does not sufficiently establish that he was denied a full and fair opportunity to be heard.")

Upon *de novo* review of the remainder of Magistrate Judge Baxter's findings, the Court accepts and adopts the Report-Recommendation.

It is therefore

**ORDERED** that:

1. The Report-Recommendation (Dkt. No. 41)  is hereby adopted in its entirety.

2. Defendants' motion for summary judgment (Dkt. No. 15) is granted.

3. The Clerk is directed to close the case and enter judgment accordingly.

4. The Clerk of the Court shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated: March 26, 2012
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

10